UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH ABDULLA AL-OSHAN *et al.*, : | |
| : | |
| Petitioners/ : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No.: 05-0520 (RMU) |
| : | |
| GEORGE W. BUSH *et al.*, : | |
| : | |
| Respondents/ : | |
| Defendants : | |

**ORDER**

**DENYING PETITIONERS' MOTION TO ADD A PARTY**

This matter comes before the court on the petitioners' motion add a party pursuant to Rule 21 of the Federal Rules of Civil Procedure. Specifically, the petitioners seek to add Nasser Mazeed Abdullah Al Suba'iy as an additional petitioner on four grounds: 1) Al Suba'iy, like the petitioners, is being detained in military detention at the United States Naval Station in Guantanamo Bay, Cuba, ("GTMO"); 2) he is seeking the same relief being sought by the petitioners in this case; 3) Al Suba'iy is claiming a legal cause of action arising out of the same or similar events, and under authority of the same law; and 4) petitioners' counsel is meeting with their clients on July 25, 2005, and would like to meet with Al Suba'iy as well. It is the petitioners' contention that these circumstances justify joinder in this case. They do not.

Although Al Suba'iy is seeking the same relief sought by the petitioners in this case and although his claims arise out of the same or similar events, so too are his claims and prayer for relief similar, if not identical, to that of every habeas detainee in GTMO. The GTMO detainee

cases, however, have routinely been filed as separate cases and randomly assigned by the clerk of this court. *See* Resp'ts' Opp. at 2, n.3 (citing seven instances in which habeas corpus GTMO cases, despite sharing similar counsel or the detainees being from the same country, nevertheless were brought as separate habeas corpus cases). The petitioners have neither demonstrated that Al Suba'iy's circumstances differ from any of these cases, nor shown why his claims are appropriately joined with these particular petitioners, and in this particular case.[1] Absent a legitimate justification, rather than the mere strategic preference of counsel for one court over another, Al Suba'iy's claims should be brought in accordance with the ordinary case assignment procedures of the district court. Petitioners' counsel also suggests that joinder is necessary for counsel to meet with Al Suba'iy at GTMO on July 25, 2005. This is incorrect. The respondents have proffered that they would "consent to a motion by petitioners' counsel for an expedited entry of a protective order in a new habeas case involving Mr. Al Suba'iy" thus enabling petitioners' counsel to meet with Al Suba'iy during their trip to GTMO. *See* Resp'ts' Opp'n at 4, n. 5. With this option available, the court can find no reason to join Al Suba'iy to this case.

For the reasons set forth herein, it is this 21st day of July, 2005,

**ORDERED** that the petitioner's motion to add a party is **DENIED**.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge

---

[1] The petitioners concede that they could have brought the instant motion in *Al Joudi v. Bush*. No. 05-0301 (GK). Pet'rs' Reply at 2, n.1.

2