*PREVIOUSLY FILED WITH CSO*
*AND CLEARED FOR PUBLIC FILING*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NASSER MAZYAD ABDULLAH AL-SUBAIY, *et al.*, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> Respondents/Defendants. | Civil Action No. 05-1453 (GK) |

## PETITIONERS' CONDITIONAL CONSENT TO RESPONDENTS' MOTION TO STAY PROCEEDINGS

Petitioner Nasser Mazyad Abdullah Al-Subaiy, by his Next Friend Abdullah Mazyad Al-Subaiy, and through his undersigned attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP, respectfully submits the within Conditional Consent in response to Respondents' Motion to Stay Proceedings. Petitioner Al-Subaiy has been detained by the Government at the United States Naval Station at Guantánamo Bay ("Guantánamo") for almost four years, *incommunicado* and without access to counsel. In light of Petitioner's unlawful, prolonged isolation and imprisonment without charge – and given the Government's established pattern of dilatory tactics in the Guantánamo cases – Petitioner opposes Respondents' stay request, relying upon reasons already asserted to this Court in *habeas* actions brought by counsel on behalf of individuals detained in Guantánamo. *See* Petitioners' Memorandum in Opposition to the Government's Motion to Stay Proceedings, *Al Joudi v. Bush*, 05-CV-301 (D.D.C. Mar. 22, 205) ("*Al Joudi* Memo. Opp."). Recognizing, however, that this Court has stayed those proceedings pending the resolution of the appeals in earlier-filed cases, *see, e.g., In re Guantánamo Detainee Cases,* 355 F. Supp.2d 443 (D.D.C. 2005), Petitioner offers, in the alternative,

conditional consent to the Respondents' current request on the grounds that the Court conform such a stay with Orders currently in effect in other cases. Specifically, Petitioner asks the Court require that (1) Respondents show cause and promptly file factual returns providing the Court and Petitioner with the Government's purported evidentiary basis for Petitioner's prolonged imprisonment; (2) Respondents provide at least 30 days' advance notice of Petitioner's transfer or removal from Guantánamo; and (3) a stay shall not prevent the parties from filing any motion for emergency relief. Such limitations pose a minimal and inconsequential burden to the Government, and implicate fundamental interests of safety, healthy and due process for Petitioner.

In support of his request, Petitioner respectfully avers the following:

1. On July 22, 2005, Petitioner, a citizen of Saudi Arabia, by his Next Friend and brother, filed an application for a writ of *habeas corpus*, alleging that Petitioner's detention by the United States Government is in violation of the United States Constitution, laws and international treaties. *See* Petition for Writ of *Habeas Corpus* (Dkt. 1). On that same day, Petitioner filed a Motion for the Entry of the Protective Orders, conforming the procedures for protected information in Petitioner's proceeding to other Guantánamo cases. (Dkt. 3). On July 26, 2005, the Court granted Petitioner's Motion. (Dkt. 4).

2. On July 29, 2005, Respondents filed a Motion to Stay Proceedings in three cases, including Petitioner's.[1] (Dkt. 6).

---

[1] Respondents note that they sought to meet and confer with counsel for Petitioner via electronic mail, pursuant to LCvR 7(m). *See* Mot. to Stay, at 2. Counsel for Petitioner was, at that time, however, visiting with clients in Guantánamo and, as a result, unable to respond in time due to limited access to electronic mail.

3. Petitioner opposes Respondents' request for an entry of a stay in the his *habeas* proceedings. As counsel for Petitioners have previously asserted to this Court in *Al Joudi*, the entrance of a stay permits the Executive Branch to continue the unlawful detention of Petitioner, without restraint or judicial scrutiny, in violation of the Constitution, laws and treaties of the United States. *See Al Joudi* Memo. Opp., at 1-5.

4. In *Al Joudi* and other recently filed Guantánamo cases, this Court has granted Respondents' request for a stay with three specific limitations, set forth in greater detail below. Petitioner requests that these limitations apply to his proceeding as conditions of any stay entered by the Court in response to the Government's proposed stay.

<u>Advance Notice of Removal or Transfer</u>

5. First, this Court has issued a preliminary injunction in favor of *habeas* petitioners granting the "concrete, narrow, and minimally burdensome remedy" of requiring the Government to provide the Court with at least 30 days' advance notice of any intended removal of petitioners from Guantánamo. *See, e.g., Al Joudi v. Bush*, slip op. at 15 (D.D.C. Apr. 4, 2005). Petitioner requests that the identical relief be entered in his proceeding as a condition of a stay.

6. Requiring the Government to provide advance notice of Petitioner's potential removal is particularly urgent in light of information brought to the public eye this past week evidencing Respondents' intention to transfer the vast majority of the current detainee population, including Saudi Arabian nationals, to prison facilities in Afghanistan, Yemen and Saudi Arabia. *See* Josh Wright and Robin Wright, *Afghanistan Agrees to Accept Detainees*, Wash. Post. (Aug. 5, 2005), at A1 (reporting

that the Bush Administration "is negotiating the transfer" of Saudi detainees to prisons in Saudi Arabia "to share the burden" of confinement), attached hereto as Exh. A to Certification of Jennifer Ching ("Ching Cert."). These transfers "would be explicitly for those countries to *take over the detention and not release any individuals* immediately." Neil A. Lewis, Guantánamo *Detention Site is Being Transformed, U.S. Says*, N.Y. Times (Aug. 6, 2005), at A5, attached hereto as Exh. B to Ching Cert. (emphasis added).

7. As counsel first argued in March 2005 to the Court in *Al Joudi*, *see* Transcript of Mar. 30, 2005 Proceedings, *Al Joudi v. Bush*, 05-CV-301 (D.D.C.), it is now clear that the Government intends to remove over one hundred *habeas* petitioners, including Petitioner Al-Subaiy, to a prison in Saudi Arabia – one of the world's most closed societies and long-acknowledged by the United States as engaging in torture, prisoner abuses and indefinite detentions without judicial process – thus attempting to evade the courts' review of Petitioner's imprisonment. Petitioner requests that the Court be provided notice of any such transfer, so that appropriate actions may be taken.

<u>Order to Show Cause and Filing Factual Returns</u>

8. In addition, this Court has required that, despite any stay in effect, Respondents must show cause and file factual returns so that "counsel can begin preparing their defense well in advance of any ruling by the Court of Appeals and the delay they fear can be minimized." *Al Joudi v. Bush*, 05-CV-301, slip. op. at 2 n. 1 (D.D.C. Apr. 29, 2005).

9. Respondents' refusal to file factual returns in Petitioner Al Subaiy's case, *see* Mot. to Stay, at 10, simply rehashes arguments that this Court has already expressly rejected. Such returns are necessary because they enable counsel to

4

prepare for client interviews and otherwise investigate and prepare their clients' cases in a timely fashion.[2] The Government's claim that the preparation of *one* return on behalf of Petitioner Al-Subaiy poses "an immense logistical burden" is clearly without merit. Respondents have conceded that the factual return is simply the record of proceedings before the Combatant Status Review Tribunal ("CSRT"), *see* Mot. to Stay, at 11, and, as such, already exists. Thus, Respondents face no greater burden than photocopying, sorting and stapling.

10. Indeed, as previously noted to this Court in counsel's filings in *Al Joudi*, *see Al Joudi* Memo Opp. at 10-13, Respondents have produced numerous factual returns in short order – here, again, only one factual return is at issue.

11. In addition to the factual returns prepared for the CSRT, Petitioner requests that the Government provide the records prepared for and resulting from any Administrative Review Board ("ARB") proceeding which has been held concerning Petitioner since the CSRT, as such documents constitute Respondents' ongoing justification for Petitioner's detention. Such records have also been reviewed for classification purposes, and pose a similarly *de minimis* burden to Respondents in preparation and production to the Court. *See* Administrative Review Board Process, Implementation of Review Procedures for Enemy Combatants Detained at U.S. Naval

---

[2] Indeed, the factual returns filed by the Government in other *habeas* proceedings have demonstrated, in certain cases, that petitioners were found *not* to be deemed "enemy combatants" by Respondents. *See, e.g.,* Response to Petition for Writ of *Habeas Corpus* by Petitioner Saleh Abdullah Al-Oshan, *Al-Oshan v. Bush*, 05-CV-520 (D.D.C. May 23, 2005). In such situations, counsel have filed emergency motions to secure the immediate release of petitioners. *See Qassim v. Bush*, 05-CV-497 (D.D.C. 2005).

5

Base Guantánamo Bay, Cuba (Sept. 14, 2004), at 1-6, available at http://www.defenselink.mil/news/Sep2004/d20040914 adminreview.pdf .

12.  Counsel for Petitioner is currently scheduled to return to Guantánamo on September 30, 2005. In light of this visit, counsel requests that the Court require Respondents to file Petitioner's factual return and ARB records no later than August 20, 2005, to ensure that counsel has adequate time to travel to Washington D.C. and review the evidence in the secure facility, and to initiate an investigation into the Government's claims.

Filing of Emergency Motions as Needed

13.  Finally, this Court has made clear that any stay imposed in petitioners' *habeas* proceedings "shall not provide the parties from filing any motion for emergency relief." *See Al Joudi v. Bush*, slip op. at 3 (D.D.C. Apr. 29, 2005), at 3. Petitioner requests that any stay entered in his case explicitly reflect the same limitation.

14.  For the reasons stated above, and certainly in the interests of judicial economy and ensuring the most efficient adjudication of his *habeas* application, Petitioner requests that the Court grant the requested relief.

WHEREFORE, this Court should issue the writ or an order to show cause forthwith, returnable by Respondents no later than August 25, 2005. Further, any stay entered by the Court should impose a 30-day advance notice requirement as a condition of its entry, and such stay should explicitly permit Petitioners to seek emergency relief.

Dated: New York, New York
       August 9, 2005

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: _____/s/_____
    Julia Tarver (NY0029)
    Jennifer Ching
    Andrea J. Prasow

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000