**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMIL EL-BANNA, *et al.*, )<br>)<br>    Petitioners )<br>)<br>v. )<br>) | Civil Action No. 04-1144 (RWR) |
| GEORGE W. BUSH, President )<br>    of the United States, *et al.*, )<br>)<br>    Respondents. ) | |

| | |
|---|---|
| OMAR DEGHAYES, *et al.*, )<br>)<br>    Petitioners )<br>)<br>v. )<br>) | Civil Action No. 04-2215 (RMC) |
| GEORGE W. BUSH, President of )<br>    the United States, *et al.*, )<br>)<br>    Respondents. ) | |

| | |
|---|---|
| AHAMED ABDUL AZIZ, *et al.*, )<br>)<br>    Petitioners )<br>)<br>v. )<br>) | Civil Action No. 05-0492 (JR) |
| GEORGE W. BUSH, President )<br>    of the United States, *et al.*, )<br>)<br>    Respondents. ) | |

```
_____
AHMED ABU IMRAN, et al.,         )
                                 )
       Petitioners               )
                                 )
v.                               )
                                 )   Civil Action No. 05-0764 (CKK)
                                 )
GEORGE W. BUSH, President        )
    of the United States, et al.,)
                                 )
       Respondents.              )
_____)
_____
BENJAMIN MOHAMMED                )
    AL HABASHI, et al.,          )
                                 )
       Petitioners               )
                                 )
v.                               )
                                 )   Civil Action No. 05-0765 (EGS)
                                 )
GEORGE W. BUSH, President        )
    of the United States, et al.,)
                                 )
       Respondents.              )
_____)
```

MEMORANDUM AND ORDER

Counsel for petitioners in the above-captioned cases, each petitioner a detainee at Guantanamo Bay, Cuba, have filed virtually identical motions for preliminary injunctions on petitioners' behalf.[1]  The motions request judicial intervention in the conditions of the petitioners' detention, particularly with regard to a hunger strike now in progress at Guantanamo Bay.  These

---

[1] Counsel have filed what appear to be identical motions on behalf of the petitioners in four other cases: *Sliti v. Bush*, No. 05-cv-0429 (D.D.C.) [docket #25], *Kabir v. Bush*, No. 05-cv-0431 [docket #16], *Hamlily v. Bush*, No. 05-cv-0763 [docket #14], and *Hamamy v. Bush*, No. 05-cv-0766 [docket #12].  These motions are not addressed by the instant Memorandum and Order.

-2-

motions have been assigned to the undersigned pursuant to established court procedures.²

Movants' preliminary injunction motions allege the abuse of the Qur'an and other infringements on religious liberty, inadequate sanitation including inadequate opportunity to bathe, inadequate opportunity to exercise, inadequate opportunity for exposure to daylight, poor quality food and drinking water, inadequate access to educational materials, excessively air-conditioned cells, and the use of loud fans to limit communications. In addition, the motions allege, with regard to detainees other than these movants, past and on-going physical abuse amounting to torture and poor and withheld medical treatment.

In *O.K. v. Bush*, 377 F. Supp. 2d 102 (D.D.C. July 12, 2005), Judge John Bates recently decided a similar motion for preliminary injunction. As Judge Bates stated, our court of appeals "recently emphasized [that] a 'preliminary injunction is an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion.'" *Id.* at 111 (quoting *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004)). Judge Bates further noted the requirement that "a plaintiff demonstrate a likelihood of injury in the imminent future in order to secure an injunction," *id.* at 113 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 110 (1983)), and observed that that requirement "takes on added importance in a case where the Court is asked to regulate the conduct of the Executive in the theater of war," *id.* (citing *D.L.S. v. Utah*, 374 F.3d 971, 973 (10th Cir. 2004)). Judge Bates concluded that, "[a]bsent a persuasive claim that the conditions of confinement at Guantanamo are so severe that they

---

² *See* Order of Sept. 27, 2005, *El-Banna v. Bush*, No. 04-cv-1144 [docket #154]; Order of Sept. 26, 2005, *Deghayes v. Bush*, No. 04-cv-2215 [docket #27]; Order of Sept. 23, 2005, *Aziz v. Bush*, No. 05-cv-0492 [docket #23] (order refers to notice of filing [docket #21] because the motion itself [docket #24] had not yet been cleared for public filing); Order of Sept. 21, 2005, *Imran v. Bush*, No. 05-cv-0764 [docket #15]; Order of Sept. 23, 2005, *Habashi v. Bush*, No. 05-cv-0765 [docket #14].

present an imminent threat to petitioner's health, the Court will not insert itself into the day-to-day operations of Guantanamo." *Id.* at 114.

I am persuaded that the principles that guided Judge Bates' decision provide a sound basis for resolution of the instant preliminary injunction motions. The movants here, like the movant in the *O.K.* case, have failed to demonstrate an imminent threat to their health. Movants' complaints about physical abuse and poor and withheld medical treatment fail because the complaints pertain only to detainees other than movants. Movants' other conditions of confinement complaints fail because they do not describe conditions so severe as to constitute an imminent threat to movants' health.

There remain for consideration the movants' allegations about the hunger strike. They allege that during an earlier hunger strike certain Guantanamo Bay medical personnel stated that if a hunger-striking detainee provided written authorization, medical personnel would refrain from using heroic means to preserve the striking detainees' health and, ultimately, life.

In response, respondents have filed a subsequent declaration made under penalty of perjury by United States Army Major General Jay W. Hood, commander of the Joint Task Force -- Guantanamo ("JTF"). *See* Resp.'s Br. Ex. A: Declaration of MG Jay W. Hood (dated Sept. 9, 2005) (copy attached). The general states that he is "responsible for all aspects of detainee operations at Guantanamo Bay, Cuba to include medical care and . . . the operation of the detention hospital that provides medical care to the detainees being held at Guantanamo." *Id.* ¶ 1. Most significantly, he also commits that "[c]onsistent with Department of Defense policy the JTF will prevent unnecessary loss of life by detainees through standard medical intervention, *including involuntary medical intervention when necessary to overcome a detainee's desire to commit suicide*." *Id.* ¶ 2 (emphasis added).

The foregoing considered, movants have not carried their burden of proving an imminent threat by respondents to the health and life of the hunger-striking movants.[3]

Accordingly, it is this 28th day of September, 2005 hereby

ORDERED: that movants' Motions for a Preliminary Injunction Concerning Conditions of Confinement in *El-Banna v. Bush*, No. 04-cv-1144 [docket #153], *Deghayes v. Bush*, No. 04-cv-2215 [docket # 26], *Aziz v. Bush*, No. 05-cv-0492 [docket # 24], *Imran v. Bush*, No. 05-cv-0764 [docket # 16], and *Habashi v. Bush*, No. 05-cv-0765 [docket # 16] are DENIED, without prejudice.

/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE

---

[3] Movants' request for an evidentiary hearing and oral argument is denied. Even assuming the truth of all of movants' allegations, movants have failed to demonstrate an imminent threat to movants' health. Regarding movants' hunger-strike claims, movants have specifically alleged only that respondents' representatives threatened non-intervention with regard to a past hunger strike. Movants have not offered specific allegations (but, instead, have offered only general expressions of doubt) to dispute General Hood's subsequent commitment, provided in the context of the current hunger strike, to use "involuntary medical intervention when necessary to overcome a detainee's desire to commit suicide." Declaration of MG Jay W. Hood ¶ 2. As in the summary judgement context, movants' generalized statements of doubt about General Hood's commitment do not effectively traverse his specific commitment. *Cf.* Fed. R. Civ. P. 56(e) (noting in the summary judgment context the insufficiency of "mere allegations or denials" and requiring instead a response that "set[s] forth specific facts showing that there is a genuine issue" requiring resolution by fact-finding).