IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NASIR MAZIYAD ABDALLAH<br>AL QURAYSHI AL ASUBAYI,<br><br>Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-1453 (RMU)

## DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate

General's Corps, United States Navy, hereby state that to the best of my knowledge, information,

and belief, the following is true, accurate and correct:

      1.      I am the Legal Advisor to the Office for the Administrative Review of the

Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC).  In

that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

      2.      I hereby certify that the documents attached hereto constitute a true and accurate

copy of the portions of the record of proceedings before the Combatant Status Review Tribunal

related to petitioner Nasir Maziyad Abdallah al Qurayshi al Asubayi that are suitable for public

release.  The portions of the record that are classified or considered law enforcement sensitive are

not attached hereto or were redacted by an OARDEC staff member.  This staff member also

redacted information that would personally identify certain U.S. Government personnel in order

to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: 18 October 2005

Teresa A. McPalmer
CDR, JAGC, U.S. Navy



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: **0 3 5 6**

**0 8 NOV 2004**

~~FOR OFFICIAL USE ONLY~~

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 497**

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN # 497 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

~~FOR OFFICIAL USE ONLY~~



# Department of Defense
## Director, Combatant Status Review Tribunals

4 Oct 04

From: Director, Combatant Status Review Tribunals

Subj:  APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #13

Ref:   (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

███████████████, Colonel, U.S. Army; President

███████████████, Commander, JAGC, U.S. Naval Reserve; Member (JAG)

███████████████, Commander, U.S. Navy; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy

2 Nov 04

MEMORANDUM

From: Legal Advisor
To:      Director, Combatant Status Review Tribunal

Subj:  LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
          FOR DETAINEE ISN # 497

Ref:    (a) Deputy Secretary of Defense Order of 7 July 2004
          (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl:   (1) Appointing Order for Tribunal #13 of 4 October 2004
          (2) Record of Tribunal Proceedings

1.  A legal sufficiency review has been completed on the subject Combatant Status Review Tribunal
in accordance with references (a) and (b).  After reviewing the record of the Tribunal, I find that:

      a.  The detainee was properly notified of the Tribunal process.  His lack of cooperation
      indicated that he was not willing to participate in the Tribunal proceeding.

      b.  The Tribunal was properly convened and constituted by enclosure (1).

      c.  The Tribunal complied with the provisions of references (a) and (b).  Note that some
      information in exhibits R-3 and R-7 was redacted.  The FBI properly certified in exhibit R-2
      that the redacted information would not support a determination that the detainee is not an
      enemy combatant.

      d.  The detainee did not request witnesses.

      e.  The Tribunal's decision that detainee # 497 is properly classified as an enemy combatant
      was unanimous.

      f.  The detainee's Personal Representative was given the opportunity to review the record of
      proceedings and affirmatively declined to submit comments.

2.  The proceedings and decision of the Tribunal are legally sufficient and no corrective action is
required.

3.  I recommend that the decision of the Tribunal be approved and the case be considered final.

                                              *Ja McPalmer*

                                              T. A. McPALMER
                                              CDR, JAGC, USN



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

22 October 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM:  OARDEC FORWARD Commander

SUBJECT:  CSRT Record of Proceedings ICO ISN# 497

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ███████.

CHARLES E. JAMISON
CAPT, USN

SECRET//NOFORN//X1

## (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (4).


(U) TRIBUNAL PANEL: ___#13___

(U) ISN#: ___497___

Ref:   (a) (U) Convening Order for Tribunal #13 of 4 October 2004 (U)
       (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
       (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:  (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/FOUO)
       (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
       (3) (U) Summary of Detainee/Witness Testimony (U/FOUO) N/A
       (4) (U) Copies of Documentary Evidence Presented (S/NF)
       (5) (U) Personal Representative's Record Review (U/FOUO)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 19 October 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #497 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with, the Taliban, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



Colonel, U.S. Army
Tribunal President

UNCLASSIFIED//<del>FOUO</del>

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

### (Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: _____#13____

ISN #: _____497____

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and is a member of, or affiliated with, the Taliban. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified evidence presented to the Tribunal by the Recorder indicated that the Detainee is associated with the Taliban. The Detainee is a Saudi national who heard a Fatwa requesting volunteers to prepare for jihad by attending a training camp in 2001. The Detainee traveled from Saudi Arabia to Afghanistan just prior to September 2001. The Detainee attended the ▇▇▇▇▇ training camp near Kandahar, Afghanistan, and was trained to use the AK-47 rifle. The Detainee participated in military operations against the United States or its coalition partners. The Detainee traveled from the ▇▇▇▇▇ training camp to Kandahar, Afghanistan and eventually ended up in Jalalabad, Afghanistan, where there was fighting with the Northern Alliance. The Detainee returned to Kandahar, and after the U.S. bombing began, The Detainee was issued a Kalashnikov rifle and fled to the Tora Bora mountains with a large group of individuals. While in the Tora Bora mountains, the Detainee was wounded and transported to a hospital in Kabul, Afghanistan, where he was arrested and transferred to a prison in Kabul, Afghanistan. The Personal Representative asked the Detainee if he wanted to participate in the Tribunal. The Personal Representative verified the correct language (Arabic) was used by the Translator, who in turn asked the Detainee of his willingness to participate in the Tribunal. The Detainee would not answer any questions, only rambled. Due to the Detainee's uncooperative and unresponsive behavior, along with his arrogant and belligerent demeanor, the Personal Representative could only conclude that the Detainee refused to participate. The Detainee did not request any witnesses nor did he request any classified or unclassified documents be produced. The Detainee's sole unsworn statement to his Personal Representative was that all evidence against him was false.

UNCLASSIFIED//<del>FOUO</del>

ISN #497
Enclosure (1)
Page 1 of 3

UNCLASSIFIED//FOUO

### 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

      a. Exhibits: D-a and R-1 through R-11.

      b. Testimony of the following persons: N/A

      c. Unsworn statement of the Detainee to his Personal Representative.

### 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

Because of the Detainee's unwillingness to answer questions by his Personal Representative, the Detainee did not request any witnesses nor did the Detainee request any additional evidence be produced, therefore, no ruling on these matters were required.

### 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

      a. The recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2 provided no usable evidence. Accordingly, the Tribunal had to look to classified exhibits for support of the Unclassified Summary of Evidence.

      b. Essentially the only unclassified evidence the Tribunal had to consider was the Detainee's unsworn statement to his Personal Representative that all evidence against him is false.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

### 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

UNCLASSIFIED//FOUO

UNCLASSIFIED//~~FOUO~~

## 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. By the Detainee's refusal to answer questions regarding participation in the Tribunal, the Personal Representative concluded that the Detainee declined to participate. as indicated in Exhibit D-a.

    c. The detainee is properly classified as an enemy combatant and is a member of, or affiliated with, the Taliban.

## 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

Colonel, U.S. Army
Tribunal President

UNCLASSIFIED//~~FOUO~~

## DETAINEE ELECTION FORM

**Date:** 13 Oct 04

**Start Time:** 1010

**End Time:** 1040

ISN#: 497

Personal Representative: LTCOL ████████████
(Name/Rank)

Translator Required? YES          Language? ARABIC

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Detainee Election:

☐ **Wants to Participate in Tribunal**

☐ **Affirmatively Declines to Participate in Tribunal**

☒ **Uncooperative or Unresponsive**

## Personal Representative Comments:

No witnesses. Arrogant and belligerent. Would not answer questions, but rambled.

Personal Representative: ████████████████████

EXHIBIT D-a

UNCLASSIFIED

## Combatant Status Review Board

TO: Personal Representative

FROM: OIC, CSRT (27 September 04)

Subject: Summary of Evidence for Combatant Status Review Tribunal – ASUYBAYI, Nasir Mazaid Abdullah.

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is associated with the Taliban and participated in military operations against the United States or its coalition partners.

   a.  The detainee is associated with the Taliban:

      1. The detainee is a Saudi national who heard a Fatwa requesting volunteers to prepare for jihad by attending a training camp in 2001.

      2. The detainee traveled from Saudi Arabia to Afghanistan (AF) just prior to September 2001.

      3. The detainee attended the ▓▓▓▓▓ raining camp near Kandahar, AF, and was trained to use the AK-47 rifle.

   b.  The detainee participated in military operations against the United States or its coalition partners:

      1. The detainee traveled from the ▓▓▓▓▓ training camp to Kandahar, AF, then to Kabul, AF and eventually ended up in Jalalabad, AF, where there was fighting with the Northern Alliance.

      2. The detainee returned to Kandahar, and after the US bombings began, he was issued a Kalishnikov rifle and fled to the Tora Bora Mountains with a large group of individuals.

      3. While in the Tora Bora Mountains, the detainee was wounded and transported to a hospital in Kabul, AF, where he was arrested and transferred to a prison in Kabul, AF.

Page 1 of 2

UNCLASSIFIED

Exhibit _R1_

UNCLASSIFIED

4.   The detainee has the opportunity to contest his designation as an enemy combatant.  The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

Page 2 of 2

*UNCLASSIFIED*

## Memorandum



| | | | |
|---|---|---|---|
| To | : | Department of Defense<br>Office of Administrative Review<br>for Detained Enemy Combatants<br>Col. David Taylor, OIC, CSRT | Date 09/23/2004 |

From :   FBI GTMO
         Counterterrorism Division
         Asst. Gen. Counsel ██████████████

Subject:  REQUEST FOR REDACTION OF
          NATIONAL SECURITY INFORMATION
          ████████████████

        Pursuant to the Secretary of the Navy Order of 29 July
2004, Implementation of Combatant Review Tribunal Procedures for
Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba,
Section D, paragraph 2, the FBI requests redaction of the
information herein marked[1].  The FBI makes this request on the
basis that said information relates to the national security of
the United States[2].  Inappropriate dissemination of said
information could damage the national security of the United
States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

        The FBI certifies the aforementioned redaction contains
no information that would support a determination that the
detainee is not an enemy combatant.

        The following documents relative to ISN 497 have been
redacted by the FBI and provided to the OARDEC:

FD-302 dated 03/17/2003
FD-302 dated 05/13/2003

---

   [1]Redactions are blackened out on the OARDEC provided FBI
document.

   [2]See Executive Order 12958

Page 1 of 2

Exhibit R2

UNCLASSIFIED

Memorandum from ▮▮▮▮▮▮▮ to Col. David Taylor
Re:  REQUEST FOR REDACTION, 09/23/2004


        If you need additional assistance, please contact
Assistant General Counsel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮elligence Analyst ▮▮▮▮▮▮
▮▮
Intelligence Analyst ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

-2-

page 2 of 2

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on 21 October 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #497.

X  I have no comments.

___ My comments are attached.



_____, LTC, USAF
Name

21 OCT 04
Date

Signature

UNCLASSIFIED//~~FOUO~~