IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAJID ABDULLA AL JOUDI, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>President of the United States, *et al.*,<br><br>Respondents. | Civil Action No. 05-301 (GK) |
| SALEH ABDULLA AL-OSHAN, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>President of the United States, *et al.*,<br><br>Respondents. | Civil Action No. 05-520 (RMU) |
| NASSER MAZYAD ABDULLAH<br>AL-SUBAIY, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>President of the United States, *et al.*,<br><br>Respondents. | Civil Action No. 05-1453 (RMU) |

|  |  |
|---|---|
| FAHD UMAR ABDULMAJID AL SHAREEF, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>President of the United States, *et al.*,<br><br>Respondents. | Civil Action No. 05-2458 (RWR) |

## STIPULATION AND ORDER

WHEREAS, on or about February 21, 2006, Petitioners moved by order to show cause in Al-Joudi v. Bush, Civil Action No. 05-301 (GK), for an order compelling Respondents to permit Petitioners' Counsel to travel to Guantanamo Bay, Cuba, to meet with their clients (the "Order to Show Cause") (dkt no. 60);

WHEREAS, the Order to Show Cause has been fully briefed (dkt nos. 59, 60, 62), and is pending before the Court;

WHEREAS, the parties wish to resolve the Order to Show Cause by revising the procedures governing the access of undersigned counsel for Petitioners to detainees held at Guantanamo Bay, Cuba applicable in the above captioned-cases;

WHEREAS, the parties agree that this Stipulation does not constitute an admission of wrongdoing or violation of the Amended Protective Order or the Revised Procedures For Counsel Access to Detainees by either party; and

WHEREAS, without prejudice to any argument by Respondents that this Court lacks jurisdiction under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680, Respondents have agreed to permit Petitioners' counsel to resume visits to clients detained at Guantanamo in the above-captioned cases, and have scheduled Petitioners' counsel a visit during the week of June 4, 2006;

IT IS HEREBY STIPULATED AND AGREED, by and among the parties

hereto, through their undersigned counsel, that:

    1. Petitioners' Order to Show Cause in Al-Joudi v. Bush, Civil Action No. 05-301 (GK) (dkt. no. 60), is moot; and

    2. Sections IV.A.7 and V.B of the Revised Procedures For Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba are amended in the above-captioned cases to state as follows:

Section IV.A.7:

7.     a.     Written and oral communications with a detainee, including all incoming legal mail, shall not include information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency or current political events in any country that are not directly related to counsel's representation of that detainee; or security procedures at GTMO (including names of U.S. Government personnel and the layout of camp facilities) or the status of other detainees, not directly related to counsel's representation.

    b.     If proposed legal mail not prohibited by § IV.A.7.a includes, as an attachment or exhibit or otherwise, publications, articles, reports, or other such material, including newspaper or other media articles, pamphlets, brochures, and publications by non-governmental or advocacy organizations, ("secondary material"), counsel shall send such secondary material as legal mail in an envelope separate from other legal mail and additionally marked "Legal Mail - Secondary Material" or its substantial equivalent. Section IV.A.3 shall not apply with respect to such secondary material. Such secondary material shall be subject to review and security and contraband screening, including possible redaction, by the Privilege Team. Counsel shall not convey to a detainee secondary material, including information redacted or screened out or designated for such redaction or screening out, absent consent of the Privilege Team or the government or authorization by the Court.

    i.     Review of secondary material shall be conducted as soon as practicable from the time of receipt by the Privilege Team and within: a) 5 business days for information that is written in the English language; b) 5 business days for information that is written in any language other than English when accompanied by an accurate English translation of the non-English information; c) 10 business days for information that includes information written in any language other than English when not accompanied by an accurate English translation of the information.

    ii.    Material that is not screened out shall be forwarded to the detainee through procedures otherwise applicable to legal mail. Counsel shall be notified with respect to secondary material that, upon review, is or should be redacted or screened out.

    iii.    In the event a dispute regarding the screening or redaction of secondary material cannot be resolved and counsel pursue Court intervention regarding the matter, the Privilege Team may disclose the secondary material at issue to the Commander, JTF-Guantanamo, and/or his representatives, including attorneys for the government. Prior to seeking Court intervention, counsel may authorize the Privilege Team to so disclose the secondary material in order to attempt to facilitate resolution of a dispute.

Section V.B:

B.    1.    Written and oral communications with a detainee, including all documents brought into a meeting with a detainee, shall not include information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency or current political events in any country that are not directly related to counsel's representation of that detainee; or security procedures at GTMO (including names of U.S. Government personnel and the layout of camp facilities) or the status of other detainees, not directly related to counsel's representation.

    2.    If proposed legal mail not prohibited by § V.B.1 that counsel desires to bring into a meeting with a detainee consists of or includes, as an attachment or exhibit or otherwise, publications, articles, reports, or other such material, including newspaper or other media articles, pamphlets, brochures, and publications by nongovernmental or advocacy organizations, ("secondary material"), counsel shall submit such secondary material for prior review as provided in § IV.A.7. Counsel shall not convey to a detainee the secondary material, including information

//

//

//

//

//

redacted or screened out or designated for such redaction or screening out, absent consent of the Privilege Team or the government or authorization by the Court.

Dated: May 3, 2006

By: _____
Martin Flumenbaum
Julia Tarver Mason
Paul, Weiss Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000

Attorneys for Petitioners

_____
Terry M. Henry
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Rm. 7212
Washington, DC 20530
Tel: (202) 514-4107

Attorney for Respondents

As to <u>Al-Joudi v. Bush</u>, 05-CV-301 (GK), SO ORDERED this ____ day of May, 2006.

_____
Gladys Kessler
UNITED STATES DISTRICT JUDGE

As to <u>Al-Oshan v. Bush</u>, 05-CV-520 (RMU) and <u>Al-Subaiy v. Bush</u>, 05-CV-1453 (RMU), SO ORDERED this ____ day of May, 2006.

_____
Ricardo M. Urbina
UNITED STATES DISTRICT JUDGE

As to <u>Al-Shareef v. Bush</u>, 05-CV-2458 (RWR), SO ORDERED this ____ day of May, 2006.

_____
Richard W. Roberts
UNITED STATES DISTRICT JUDGE