IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NASSER MAZYAD AL-SUBAIY, *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-1453 (RMU) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

**NOTICE OF TRANSFER OF PETITIONER AND WITHDRAWAL OF REQUEST FOR DESIGNATION OF CERTAIN INFORMATION AS PROTECTED INFORMATION**

Respondents hereby provide notice that petitioner Nasser Mazyad Abdullah Al-Subaiy (ISN 497) has been transferred to the Kingdom of Saudi Arabia and released from United States custody.[1]

In the Stipulation and Order filed with the Court under seal on January 21, 2007, the parties agreed that, pursuant to the protective orders entered by the Court's Order of July 26,

---

[1] This filing is made without prejudice to the government's position that this Court lacks jurisdiction over this action in light of Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680, which, among other things, amends 28 U.S.C. § 2241 to create an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of aliens held by the Department of Defense as enemy combatants at Guantanamo Bay, Cuba, and final decisions of any military commissions, id. § 1005(e)(1), (e)(2), (e)(3), or under the Military Commissions Act of 2006, Pub. L. No. 109-366 (2006), which, among other things, amends 28 U.S.C. § 2241 to eliminate district court jurisdiction to consider habeas petitions, as well as any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement," of aliens detained by the United States as enemy combatants, id. § 7. That position was upheld in Boumediene v. Bush, No. 05-5062 (D.C. Cir.) (Feb. 20, 2007), at 25 (dismissing Guantanamo Bay detainees' habeas corpus cases based on lack of jurisdiction); see also Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

2005 (dkt no. 4), Respondents' Notice Pursuant To The Court's September 19, 2005 Order (filed under seal on January 19, 2007), as well as the Stipulation and Order, would be designated as "Protected Information" pending notice by respondents of completion of the transfer of petitioner to Saudi Arabia. Accordingly, the transfer having taken place, respondents hereby withdraw their request to have the Notice and Stipulation and Order treated as protected information.[2]

Dated: February 22, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

　/s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar. No. 23840-49)
NICHOLAS J. PATTERSON
EDWARD H. WHITE
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents

---

[2] Consistent with this withdrawal, respondents have no objection to the Notice and Stipulation and Order being unsealed and placed on the public record.